**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LILLIE MARIE COLEY,<br><br>Debtor. | Case No. 25-22211 (JNP)<br><br>Chapter 7 |
| ANDREW SKLAR, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>THE LILLIE'S PROPERTIES TRUST,<br><br>Defendant. | Adv. Pro. No. 26-1206<br><br>Judge: Jerrold N. Poslusny, Jr. |

**MEMORANDUM DECISION**

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Lillie M. Coley (the "Debtor") filed a motion (the "Motion") on behalf of to The Lillie's Properties Trust (the "Defendant"), seeking dismissal of a complaint (the "Complaint") filed by Andrew Sklar (the "Trustee") pursuant to sections 544, 548, and 550 of Title 11 of the United States Code (the "Bankruptcy Code"). For the following reasons, the Motion will be denied.

**Background**

The Debtor filed a Chapter 7 petition for relief (the "Petition") on November 17, 2025 (the "Petition Date"). Case No. 25-22211 Dkt. No. 1. Prior to the Petition Date, the Debtor held title to a property located at 9 Patriot Walk, Egg Harbor Township, New Jersey, (the "Property"), which is valued at $350,000. Dkt. No. 1. On January 12, 2022, the Debtor executed a warranty deed (the "Deed") transferring the Property to the Defendant in exchange for consideration of $1.00. The

Deed was recorded in the county clerk's office on April 6, 2022. Id. The Defendant is a self-settled revocable trust of which the Debtor is the sole beneficiary. Dkt. Nos. 1, 12.

The Complaint seeks to recover the Property pursuant to New Jersey Statute ("N.J.S.A.") 25:2-25 through section 544(b) of the Bankruptcy Code, and pursuant to sections 548(e), and 550 of the Bankruptcy Code. Dkt. No. 1. The Complaint also seeks an order disallowing any claim by the Defendant against the estate pursuant to section 502(d), (j) of the Bankruptcy Code. Dkt. No. 1. The Complaint alleges that the Debtor transferred her interest in the Property to the Defendant to prevent creditors from accessing its value. Id. Specifically, the first count of the Complaint brings a claim under section 544(b), which permits a trustee in bankruptcy to pursue state law claims under specific circumstances. See id. The second count seeks to avoid the transfer pursuant to section 548(e) of the Bankruptcy Code. Count three seeks to recover property related to an avoided transfer and count four seeks to disallow any claim the Debtor might file in her case.

The Motion argues that the first count of the Complaint fails to identify a specific creditor the claim is brought on behalf of, as required by section 544(b), and that it fails to specifically cite to section 544(b) at all. Dkt. No. 7. Further, the Motion argues that the Complaint does not plead the elements of intentional fraud, pleading only bare conclusory statements that do not meet the specificity required under Federal Rule of Civil Procedure ("Rule") 9, made applicable by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7009, for intentional fraud. Additionally, the Motion argues the Complaint fails to properly plead constructive fraud. Id. Similarly, the Motion argues that count 2 of the complaint pleads only bare conclusory statements, and does not meet the requirements of Rule 9. Finally, the Motion argues that counts 3 and 4 are derivative and cannot survive without the first two counts. Id.

The Trustee's opposition (the "Opposition") first argues that the Motion should not be considered because the Debtor cannot represent the Defendant, a trust, in federal court since she

is not an attorney. Dkt. No. 9. Additionally, the Opposition argues that identifying a specific creditor is not required at the pleading stage, and that the Complaint pleads all necessary elements of constructive and intentional fraud under N.J.S.A. 25:2-25 ("Fraudulent Transfer") and meets the requirements of Rule 9. Id.

The Debtor's reply (the "Reply") argues that she can appear on behalf of the Defendant because she is its sole beneficiary, although acknowledging the Defendant may have at least one creditor. Dkt. No. 12. The Reply also argues that count one of the Complaint fails to properly plead the elements of constructive fraud under N.J.S.A. 25:2-25, as well as reiterating that the Complaint does not properly plead the elements of sections 544(b) or 548(e), and does not meet the requirements of Rule 9.

The Court determined that a hearing was not necessary, see D.N.J. LBR 9013-3(d)(2), and is prepared to rule.

## Discussion

### A. Artificial Entities May Proceed In Court Only Through Counsel

The Court must first consider whether the Debtor may appear as a non-attorney on behalf of the Defendant. Section 1654 of Title 28 of the United States Code authorizes parties to plead and conduct their cases personally or by counsel. In re Pantagis, 672 B.R. 73, 83 (Bankr. D.N.J. 2025) (citing 28 U.S.C. § 1654). "Although individuals may represent their own personal interest without an attorney, artificial entities may appear in court only through licensed counsel." Id. (citing Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194 (1993)). "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." In re Poconos Land, LLC, 343 B.R. 108, 110 (Bankr. M.D. Pa. 2005). "Trusts are artificial entities that exist independently of their trustee or trustees." Pantagis, 672 B.R. at 83 (citing Conagra Foods, Inc. v. Americold Logistics, LLC, 776 F.3d 1175

(10th Cir. 2015), as amended (Jan. 27, 2015), aff'd sub nom. Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378 (2016)). Therefore, like corporations, trusts generally must be represented by an attorney.

However, courts have found that there is an exception to this rule which permits a non-attorney to represent a trust so long as she is the sole beneficiary and the trust has no other creditors. Id. (citing Kendrell v. Sec'y United States Dep't of Def., 851 F. App'x 317, 318 n.1 (3d Cir. 2021)). The rationale being that, in circumstances where there are no other beneficiaries or creditors, a sole beneficiary is not representing any interest other than her own. See Murray ex rel. Purnell v. City of Philadelphia, 901 F.3d 169, 171 (3d Cir. 2018) ("If an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake."); Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005); Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997). Courts have found that creditors of a trust may also have an interest in that trust. Murray, 901 F.3d at 171 (citing cases). As such, in order for the Debtor to be permitted to represent the Defendant in this action, she must establish that she is the sole beneficiary of the Defendant, and that the Defendant has no creditors. See id. (a party may not represent an estate where she is not the sole beneficiary or there are creditors); Pridgen, 113 F.3d at 393 (administratrix of an estate may not proceed pro se when the estate has other beneficiaries or creditors); Pantagis, 672 B.R. 73, 77 (Bankr. D.N.J. 2025) (A party is not permitted to proceed pro se on behalf of a trust where the evidence was insufficient to conclusively determine that he was the sole beneficiary of the trust and that there were no creditors of the trust).

Here, the Debtor has not presented sufficient evidence to establish that there are no other beneficiaries or creditors of the Defendant so as to allow the Debtor to proceed pro se. Indeed, the Complaint alleges and the Debtor's own filing appears to acknowledge that there is a creditor of

the Trust.[1] See Dkt. No. 12. Therefore, the Court rules that the Debtor is not permitted to represent the Defendant, but will grant the Debtor's request for additional time for the Defendant to retain counsel to represent it and file a responsive pleading. Any such responsive pleading must be filed within thirty days.

However, the Court notes that it is appropriate to review the Motion, to explain why it would be denied regardless of whether the Debtor could present sufficient evidence that there are no other creditors or beneficiaries to the Trust.

B. Dismissal Under Rule 12(b)(6)

Pursuant to Rule 12(b)(6), made applicable by Bankruptcy Rule 7012, the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. In re Student Fin. Corp., 335 B.R. 539, 545 (D. Del. 2005) (citing Fed. R. Civ. P. 12(b)(6)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In re Magna Entm't Corp., 438 B.R. 380, 386 (Bankr. D. Del. 2010) (citing Iqbal, 556 U.S. at 678). "Determining whether a complaint is facially plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id.

Additionally, Rule 9(b) includes heightened pleading standards when a party brings claims of fraud. According to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud" although "[m]alice, intent, knowledge, and other conditions of

[1] In addition, although not in the record of this adversary proceeding, the Debtor's amended schedules show that there is a secured creditor with a claim against the Property. See Case No. 25-22211, sealed schedules filed November 25, 2025.

a person's mind may be alleged generally." In re Norvergence, Inc., 405 B.R. 709, 726 (Bankr. D.N.J. 2009) (citing Fed. R. Civ. P. 9(b)). However, even though Rule 9 mandates pleading fraud claims with precision in corporate fraud cases, "courts have relaxed the rule when factual information is peculiarly within defendant's knowledge or control." Id. (quoting Craftmatic Sec. Litig. v. Kraftsow, 890 F.2d 628, 645 (3d Cir. 1989)). Further, "the requirements of Rule 9(b) are relaxed and interpreted liberally where a trustee, or trust formed for the benefit of creditors . . . is asserting the fraudulent transfer claims." In re Fedders N. Am., Inc., 405 B.R. 527, 544 (Bankr. D. Del. 2009) (citing In re APF Co., 308 B.R. 183, 188 (Bankr. D. Del. 2004)). This is because of the trustee's "inevitable lack of knowledge" concerning previous acts of fraud. Id. (quoting Schwartz v. Kursman (In re Harry Levin, Inc.), 175 B.R. 560, 567–68 (Bankr. E.D. Pa. 1994)).

With these standards in mind, the Court turns to the Complaint to determine whether it states a claim upon which relief can be granted. To evaluate a complaint in light of a motion to dismiss, the court must complete a two-part analysis to determine whether dismissal is proper. First, the court must "distinguish between factual allegations and legal conclusions in the complaint." Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley, 385 F.App'x. 135, 140 (3d Cir. 2010) (citing Phillips v. County of Allegheny, 515 F.3d 224, 233-34 (3d Cir. 2008); Iqbal, 556 U.S. at 678-84). Second, if the complaint sets forth well-pleaded factual allegations, the court may assume their veracity and draw inferences favorable to the non-moving party, but then must determine whether the factual allegations show an entitlement to relief. Id.

C. Section 544(b) Fraudulent Transfer

The Trustee's ability to pursue fraudulent transfers premised on state law is found in section 544(b)(1) of the Bankruptcy Code, which provides in part:

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

In re Tzanides, 574 B.R. 489, 511 (Bankr. D.N.J. 2017) (quoting 11 U.S.C. § 544(b)(1)). Section 544 of the Bankruptcy Code may be employed by a trustee to invalidate transfers of real property avoidable under either federal or state law. In re Marasek, 2013 WL 5423222, at *7 (Bankr. D.N.J. 2013). Thus, a trustee in bankruptcy is permitted to bring a fraudulent transfer action under N.J.S.A. 25:2-25 through the powers granted under section 544. Notably, "[t]he avoidance power provided in section 544(b) is distinct from others because a trustee or debtor-in-possession can use this power only if there is an unsecured creditor of the debtor that actually has the requisite non-bankruptcy cause of action." Id. at *7 (quoting In re D'Angelo, 491 B.R. 395, 404 (E.D. Pa. 2013) (citing In re Cybergenics Corp., 226 F.3d 237, 243 (3d Cir.2000)). "As such, to maintain an action under § 544(b) a Trustee or debtor-in-possession is required to allege the existence of such an unsecured creditor." Id.

The Motion argues that the Complaint is deficient, as it does not identify a specific creditor who holds an unsecured claim and could bring an avoidance action under N.J.S.A. 25:2-25. Dkt. Nos. 7, 12. However, identifying a specific creditor is not required to survive a motion to dismiss at the pleading stage. See, e.g., In re Roman Cath. Diocese of Harrisburg, 640 B.R. 59, 72–73 (Bankr. M.D. Pa. 2022) (citing In re PennySaver USA Publ'g, LLC, 602 B.R. 256, 267, n.38 (Bankr. D. Del. 2019) ("At the pleading stage, the Trustee does not need to allege the existence of or name an unsecured creditor")).

The Complaint alleges creditors exists whose claims arose before and after the transfer was made. That allegation is sufficient for the purposes of section 544(b) of the Bankruptcy Code. Therefore, the Court rejects the Debtor's argument that failure to identify a specific creditor is a basis to dismiss the Complaint.

The Motion also argues that count one of the Complaint must be dismissed because it fails to specifically reference section 544 in the Complaint. However, this argument also fails for

several reasons. First, the Complaint, specifically states that "[t]his matter is brought pursuant to the 11 U.S.C. §§ 542, 544 . . . ." Dkt. No. 1. This is sufficient to put the Debtor on notice of the Bankruptcy Code section the claim is being brought under. Moreover, the Debtor's argument that the complaint must be dismissed because it did not reference section 544 specifically under count one is the definition of placing form over substance. See generally, Wartluft v. Milton Hershey Sch. & Sch. Tr., 400 F. Supp. 3d 91, 101 (M.D. Pa. 2019) (Dismissal for failure to include allegations of loss within a specific count is placing form over substance); In re Riverbend Foods LLC, 2021 WL 1186537, at *3 (Bankr. W.D. Pa. Mar. 26, 2021). The Complaint pleads a claim under section 544 of the Bankruptcy Code, which is sufficient to survive a motion to dismiss.

The Motion next seeks dismissal of count one on the grounds that the Complaint fails to properly plead a claim under N.J.S.A. 25:2-25.

D. First Count: N.J.S.A. 25:2-25 Fraudulent Transfer

N.J.S.A. 25:2–25 provides that a transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

> a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
> b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> 1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> 2) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

In re Norvergence, Inc., 405 B.R. 709, 726 (Bankr. D.N.J. 2009) (citing N.J.S.A. § 25:2-25). Under this statute, a party can bring a claim under a theory of either actual or constructive fraud. "If the creditor proves the elements of N.J.S.A. 25:2-25(a)(1), this amounts to actual fraud; if he or she proves the elements of N.J.S.A. 25:2-25(a)(2), this amounts to constructive fraud." Gurevitch v.

Curtis, 2024 WL 4903590, at *5 (D.N.J. 2024) (citing In re Lopresti, 2006 WL 2708605, at *10-11 (Bankr. D.N.J. 2006)). The Motion alleges that the Complaint fails to state a claim under either N.J.S.A. 25:2–26(a)(1) or (2), because it does not make specific allegations regarding fraud, instead reciting only bare conclusions and not meeting the requirements of Rule 9(b). Dkt. No. 7. The Court begins with actual fraud.

*i. Actual Fraud*

Since direct proof of actual fraudulent intent is rare, analysis of actual intent is driven by the factors provided by N.J.S.A. 25:2-26, also known as the badges of fraud. Norvergence, 405 B.R. at 726 (citing Truong v. Kartzman, 2007 WL 1959259, *4 (D.N.J. 2007)). These badges of fraud include:

> a) the transfer or obligation was to an insider;
> b) the debtor retained possession or control of the property transferred after the transfer;
> c) the transfer or obligation was disclosed or concealed;
> d) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
> e) the transfer was of substantially all the debtor's assets;
> f) the debtor absconded;
> g) the debtor removed or concealed assets;
> h) the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
> i) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
> j) the transfer occurred shortly before or after a substantial debt was incurred; and
> k) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Id. (quoting N.J.S.A. § 25:2-26). Generally, the existence of one badge can "'cast suspicion on the transferor's intent . . . .'" Id. (quoting Troung, 2007 WL 1959259 at *4; Gilchinsky v. Nat'l Westminster Bank, 159 N.J. 463, 477 (1999)). "A finding of 'several in one transaction generally provides conclusive evidence of an actual intent to defraud.'" Id. (quoting Troung, 2007 WL 1959259 at *4).

The Motion argues that the Complaint has only bare conclusory language of intent that does not satisfy Rule 9(b). Id. Further, the Reply argues that alleging that the badges of fraud are present is not sufficient; and instead the Trustee needed to allege specific facts showing the badges of fraud are present. Dkt. No. 12. The Reply also alleges that "transfer for nominal consideration, retention of beneficial interest, insolvency and intent appear in his brief. They do not appear in the Complaint." Dkt. No. 12.

As noted above, Rule 9(b)'s requirement that a complaint plead allegations of fraud with particularity is relaxed with regard to the defendant's mental state. Norvergence, 405 B.R. at 726. Rule 9 excuses a party from pleading intent to the heightened pleading standard, and instead requires the party to plead intent to the usual standard under Rule 8. Brinkmeier v. BIC Corp., 733 F. Supp. 2d 552, 559 (D. Del. 2010), reconsideration denied, 2011 WL 2446427 (D. Del. June 16, 2011) (citing Iqbal, 556 U.S. 662). With regard to the allegations in a complaint, Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Courts have generally found that alleging facts which give an inference of fraudulent intent is sufficient to satisfy this standard. See generally, Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 171 (2d Cir. 2015).

The Complaint alleges that the Debtor executed a warranty deed with the intention of transferring the Property, worth $350,000, to a self-settled trust to which the Debtor is the sole beneficiary in exchange for $1, and that the exchange was not for reasonably equivalent value. Dkt. No. 1. The Complaint also alleges that the Debtor was insolvent at the time, and that the transfer was made with intent to hinder, delay or defraud creditors. Id. These are specific facts that, if proven, would establish several of the badges of fraud in the transaction, including less than reasonably equivalent value and that the Debtor maintained control and benefit of the Property. Moreover, regarding the Debtor's state of mind, the Complaint alleges specific facts that, if proven,

would establish that the Debtor transferred a valuable piece of property into a vehicle she controlled and benefitted from while making it more difficult for creditors to access at a time when she was unable to repay her debts. Therefore, the Complaint meets the particularity requirements of Rule 9(b).

Additionally, despite the argument in the Reply, several of the facts alleged, including the Debtor's insolvency, the lack of reasonably equivalent value and retention of the benefits of ownership after the transfer are specifically included in the Complaint as discussed above, and these are among the badges of fraud. See Norvergence, 405 B.R. at 726. These allegations give the strong inference that the transfer was made with the intent to hinder, delay or defraud creditors, and is sufficient to survive a motion to dismiss.

*ii. Constructive Fraud*

The Motion also argues that the Complaint fails to properly plead constructive fraud, because it does not plead the required elements under N.J.S.A. 25:2-25(a)(2). Dkt. No. 7. Specifically, the Motion argues that the Complaint improperly alleges insolvency, which the Motion argues is not an element of N.J.S.A. 25:2-25(a)(2), but that it fails to allege that at the time of the transfer, the Debtor was either: (a) engaged in business for which the remaining assets were unreasonably small or (b) intended or believed they would incur debts beyond her ability to pay as they came due. Id. (citing N.J.S.A. § 25:2-25(a)(2)). Further, the Debtor argues that insolvency is pled as a bare conclusion. Id.

However, under the Bankruptcy Code, the term "insolvent" is defined as a when party's financial condition is "such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation." 11 U.S.C. § 101(32). This matches the language in N.J.S.A. 25:2-25(a)(2)(b), which discussed the Debtor having debts beyond its ability to repay as they come due. Therefore, the Complaint properly pleads all of the elements necessary to establish constructive

fraud. Additionally, as noted above, "the requirements of Rule 9(b) are relaxed and interpreted liberally where a trustee, or trust formed for the benefit of creditors . . . is asserting the fraudulent transfer claims." Fedders, 405 B.R. at 544 (citing APF Co., 308 B.R. at 188). The Trustee's access to the Debtor's internal finances at the time of the transfer in 2022 may be limited, and so while this allegation is bare, in combination in the other factual allegations in the Complaint, it is sufficient to survive a motion to dismiss given the more relaxed standard applied to trustees.

E. Second Count: Section 548(e)

Section 548(e)(1) of the Bankruptcy Code provides, in relevant part:

> (e)(1) [t]he trustee may avoid any transfer of an interest of the debtor in property that was made on or within 10 years before the date of the filing of the petition, if—
> (A) such transfer was made to a self-settled trust or similar device;
> (B) such transfer was by the debtor;
> (C) the debtor is a beneficiary of such trust or similar device; and
> (D) the debtor made such transfer with actual intent to hinder, delay, or defraud an entity to which the debtor was or became, on or after the date that such transfer was made, indebted.

11 U.S.C. § 548(e). In short, section 548(e)(1) permits a trustee to avoid any transfer made within the last ten years to self-settled trust where transfer was made with actual intent to hinder, delay, or defraud entity to which debtor was indebted. In re Jeffery, 2019 WL 2056688, at *6 (Bankr. E.D. Pa. May 7, 2019).

Similar to the first count, the Motion argues that the Complaint pleads only bare conclusory statements with no facts, and therefore does not meet the particularity requirements of Rule 9(b). Dkt. No. 7, 12.

However, the allegations in the Complaint include that Debtor transferred her interest in a Property within the last ten years, that the Property was valued at $350,000 but was transferred for $1, that the transfer was to a self-settled trust of which the Debtor is the beneficiary. Dkt. No. 1. As such the Complaint has satisfied the first three elements of section 548(e)(1). Further, and for

the same reasons discussed above, the allegations in the Complaint satisfy the requirements of Rule 8 and sufficiently allege the Debtor transferred with the Property with intent to defraud.

F. Remaining Arguments

The Debtor's only argument as to the remaining counts is that they are derivative and cannot stand without the first two counts of the Complaint. Because this Court has found that the Complaint satisfies the minimum pleading requirements to make out a claim under both sections 544 and 548, the remaining counts survive. Therefore, the Motion must be denied in its entirety.

**Conclusion**

For the reasons discussed, the Debtor has not presented sufficient evidence to establish that she is permitted to represent the Defendant and therefore the Motion must be denied because it was not filed by an attorney. Further, after considering the merits of the Motion, the Complaint alleges sufficient facts to make out a claim under sections 544 and 548(e) of the Bankruptcy Code, and so for this additional reason, the Motion must be denied. The Court will allow the Defendant thirty days to retain counsel and file a responsive pleading.

Dated: August 27, 2026

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE